# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SHARON WAHLENMAIER | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-CV-0704-S |
| | § | |
| ALLSTATE INDEMNITY COMPANY | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff Sharon Wahlenmaier's ("Plaintiff") Motion to Remand [ECF No 6]. For the following reasons, the Court **GRANTS** the Motion to Remand, but **DENIES** Plaintiff's request for attorney's fees, expenses, and costs.

### I. BACKGROUND

On February 19, 2020, Plaintiff filed her Original Petition in the 18th District Court, Johnson County, Texas, alleging that Allstate Indemnity Company ("Defendant") improperly denied her uninsured/underinsured motorist benefits ("UIM Benefits") arising out of a motor vehicle accident that occurred on February 24, 2016. Def.'s Notice of Removal ¶ 1.1; Original Pet. ("Orig. Pet.") ¶ 7. Although the Original Petition states that "[Plaintiff] seeks monetary relief over $200,000.00 but not more than $1,000,000.00," Orig. Pet. ¶ 5, Defendant's Policy limits UIM Benefits to $30,000. Pl.'s App. 0001-14. After Defendant removed this action to this Court on March 23, 2020, Plaintiff filed the present Motion to Remand, which is now ripe and before this Court.

### II. LEGAL STANDARD

A defendant may generally remove a civil action filed in state court to federal court if the district court has original jurisdiction. *See* 28 U.S.C. § 1441(a). A district court has original jurisdiction over civil actions where there is diversity of citizenship between the parties and the

sum or value of the case is above $75,000 exclusive of interest or costs. 28 U.S.C. § 1332(a). "The district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount [and] [i]f it is not thus apparent, the court may rely on summary judgment-type' evidence to ascertain the amount in controversy." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (citation omitted). The court's analysis must be based on jurisdictional facts as of the time the complaint is filed. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938). "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)).

### III. ANALYSIS

#### A. *Motion to Remand*

"If there is one situation where the amount of a claim can be determined with legal certainty, it is in a case when a claim is asserted on an insurance policy limiting liability." *Payne v. State Farm Mut. Auto. Ins.*, 266 F.2d 63, 64 (5th Cir. 1959). In cases to recover payments under an insurance policy, the amount in controversy "is governed by the lesser of the value of the claim under the policy or the value of policy limit." *Henderson v. Allstate Fire & Cas. Ins.*, 154 F. Supp. 3d 428, 431 (E.D. La. 2015); *see also Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002) ("[W]hen a claim exceeds the policy limits, the policy limits, rather than the larger value of the claim, determine the amount in controversy.").

Here, although Plaintiff pleaded "that she seeks monetary relief over $200,000.00 but no more than $1,000,000.00," Orig. Pet. ¶ 5, Plaintiff explains that this is a suit to recover UIM Benefits only under Defendant's Policy, which are limited to $30,000. *See* Mot. ¶ 8; Pl.'s App. 0001-14; *see also* TEX. INS. CODE § 1952.106 ("UIM coverage provides payment to the insured . .

. not to exceed the limit specified in the insurance policy."). Moreover, Plaintiff has brought only one claim against Defendant—for breach of contract—and is not seeking any statutory fees or exemplary damages that would suggest that the amount-in-controversy exceeds $75,000.[1] *See* Orig. Pet. ¶¶ 10-12; *id.* at 5. Accordingly, the fact that Plaintiff sought "over $200,000.00 but not more than $1,000,000.00" in her Original Petition, *see* Orig. Pet. ¶ 5, "does nothing to establish the amount in controversy," *Lopez v. Allstate Tex. Lloyd's*, Civ. A. No. 3:16-cv-2294-L, 2017 WL 1550520, at *3 (N.D. Tex. Apr. 28, 2017), and Plaintiff "ha[s] now shown to a legal certainty that the amount [she] can recover is below the jurisdictional amount" because she cannot "recover more than the insurance policy limits." *Clayton v. Gov't Employees Ins.*, No. 3:13-CV-3937-P, 2014 WL 12585656, at *2 (N.D. Tex. Mar. 13, 2014) (citing *Allen v. R&R Oil & Gas Co.*, 63 F.3d 1326, 1335 n.14 (5th Cir. 1995)). Consequently, the Court finds that it does not have jurisdiction over the above-captioned action and grants Plaintiff's Motion to Remand.

### B.  *Motion for Attorneys' Fees*

In addition to moving to remand the case, Plaintiff requested an award of attorneys' fees, expenses, and costs incurred in preparing the Motion. *See* Mot. ¶ 15. The Court retains discretion to award to a party "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). There is no "automatic entitlement to an award of attorney's fees" or costs. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2002). To award attorneys' fees, expenses, and costs, the Court must find that Defendant "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S.

---

[1] Although Plaintiff seeks pre-judgment interest, post-judgment interest, and costs of suit, these items are not included in calculating the amount in controversy. *See, e.g.*, 28 U.S.C. § 1332 (requiring that the amount in controversy exceed "$75,000, *exclusive of interest and costs*" (emphasis added)); *Lopez*, 2017 WL 1550520, at *3 n.1 ("Of course, as a matter of law, the amount in controversy cannot include interests and costs."); *Jasper v. JPMorgan Chase Bank, N.A.*, Civ. A. No. 3:16-CV-210-L, 2016 WL 7207996, at *5 (N.D. Tex. Aug. 10, 2016) (same). Additionally, Plaintiff does not bring a claim under any statute that entitles her to attorneys' fees. *See* Orig. Pet.; *H&D Tire & Auto.-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000).

3

132, 141 (2005). In the present case, Defendant removed the action based upon the Original Petition that purported to seek over $200,000. *See* Notice of Removal ¶ 2.7. Defendant's reliance on "the face of the [Original Petition]" is supported by case law, *see, e.g.*, *Ervin v. Spring Commc'ns Co.*, 364 F. App'x 114, 117 (5th Cir. 2010), such that Defendant "could conclude . . . that its position was not an unreasonable one," *Valdes*, 199 F.3d at 293. Accordingly, the Court finds that Defendant had objectively reasonable basis for seeking removal, and, therefore, denies the request for attorneys' fees, expenses, and costs. *See id.*

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion to Remand but **DENIES** her request for attorneys' fees, expenses, and costs. The case is remanded to the 18th District Court, Johnson County, for further proceedings.

**SO ORDERED.**

SIGNED May 29, 2020.

KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE